# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **ANTONIO SEGUNDO OLIVEROS** | **CIVIL ACTION NO. 11-cv-527** |
| **A# 096-082-435** | **SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **PHILLIP MILLER** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed on April 1, 2011, by *pro se* petitioner, Antonio Segundo Oliveros, pursuant to 28 U.S.C. §2241. Petitioner is an immigration detainee in the custody of the Department of Homeland Security/United States Immigration and Customs Enforcement (DHS/ICE). He is presently detained at the Federal Detention Center, Oakdale, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

### *Statement of the Case*

Petitioner states that on April 6, 2010, he was interviewed by ICE agents while serving the remainder of his federal sentence. He states that he was served with a notice of intent to reinstate his prior order of removal. Petitioner contends that he is afraid to return to his home country of Venezuela and complains that ICE ignored his request to make a statement contesting

1

the reinstatement determination.

On February 7, 2011, ICE did take a statement from petitioner. However, he states that his prior order of removal has been reinstated and he is being denied the chance to receive a "reasonable fear interview" in order to pursue a "withholding of removal claim." (Doc. 1, p. 5). As relief, petitioner asks this court to reverse the reinstatement of his removal order. Thus, through this §2241 petition, petitioner seeks judicial review of this issue and is challenging the validity of his removal order.

### *Law and Analysis*

At the outset, this court must consider whether it has jurisdiction to review petitioner's challenge to his removal order.

On May 11, 2005, the President signed into law the "REAL ID Act of 2005." (See Pub.L.No.109-13, Div. B, 119 Stat. 231.) Section 106(a) of the REAL ID Act of 2005 amends INA § 242(a) to provide that a petition filed in the appropriate court of appeals in accordance with §242 is the sole and exclusive means for obtaining judicial review of an order of removal and that a petition for writ of *habeas corpus* is not an appropriate vehicle for challenging a removal order.[1] These jurisdictional amendments became effective on May 11, 2005. See § 106(b).

It is therefore clear that this court lacks jurisdiction to consider this *habeas corpus*

---

[1] Section 106(a)(1)(A)(iii) of the Act added the following language to INA §242(a): "(5)EXCLUSIVE MEANS OF REVIEW – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 ofTtitle 28, or any other habeas corpus provision, and section 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms 'judicial review' and 'jurisdiction to review' include habeas corpus review pursuant to section 2241 ofTtitle 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory)."

petition which, in actuality, challenges petitioner's order of removal.

Finally, since this petition was filed <u>after</u> the enactment of the REAL ID Act of 2005, the transfer provision found in § 106(c) of the REAL ID Act is not applicable to this case.[2]

Therefore,

**IT IS RECOMMENDED** that the petition for writ of *habeas corpus* be **DENIED** and **DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

---

[2] Section 106(c) of the Real ID Act provides: (c) TRANSFER OF CASES. – If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation, or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. 1252), as amended by this section, or under section 309(c)(4)(D) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (8 U.S.C. 1101 note). The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under such section 242, except that subsection (b)(1) of such section shall not apply.

THUS DONE this 23rd day of May, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE